UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT KINTA PEACE, | : | **CIVIL NO. 4:10-CV-1683** |
| Petitioner | : | (Judge McClure) |
| v. | : | (Magistrate Judge Smyser) |
| WILLIAM A. SCISM, | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**

On August 11, 2010, the petitioner, a federal prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner is seeking a DNA paternity test. He asserts that pursuant to the policy of the Bureau of Prisons (BOP) a court order is required before the BOP will allow such testing. He asserts that the test will not cost the BOP anything and that it will not require that he be transported anywhere.

By an Order dated August 18, 2010, the respondent was ordered to show cause on or before September 8, 2010 why the

petitioner should not be granted habeas corpus relief. The Order also provided that the petitioner may file a reply to the response to the show cause order within fourteen days after the response is filed.

On September 8, 2010, the respondent filed a response to the petition.

The respondent contends that the petition should be dismissed because the petitioner has not exhausted administrative remedies.

Although there is no statutory exhaustion requirement applicable to habeas petitions brought pursuant to 28 U.S.C. § 2241, the courts have created a rule that prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). The basic rationale for the exhaustion requirement is that judicial review may be facilitated by the agency's development of a factual record, that judicial time

may be conserved if the agency grants the relief sought, and that administrative autonomy requires that an agency be given an opportunity to correct its own errors. *Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981).

Except for claims for which other administrative procedures have been established, federal inmates may seek "formal review of an issue which relates to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate must first present an issue of concern informally to staff before submitting a Request for Administrative Remedy. 28 C.F.R. § 542.13(a). If the attempt at informal resolution is not successful, an inmate must address a Request for Administrative Remedy to the institution staff member designated to receive such requests within twenty days of the date on which the basis for the complaint occurred. 28 C.F.R. § 542.14(a) & (c)(4). The Warden will respond to the Request for Administrative Remedy and an inmate who is not satisfied with the Warden's response may appeal to the Regional Director within twenty days of the date of the Warden's response. 28 C.F.R. § 542.15(a). Finally, an inmate who is not satisfied

3

with the Regional Director's response may appeal to the General Counsel within thirty days of the date of the Regional Director's response. 28 C.F.R. § 542.15(a). "Appeal to the General Counsel is the final administrative appeal." 28 C.F.R. § 542.15(a).

The defendants have submitted a declaration from Michael S. Romano, an attorney advisor at the United States Penitentiary at Lewisburg. Romano states in his declaration that a review of the SENTRY database reveals petitioner has filed three administrative remedies, none of which pertain to the issue raised in this petition. *Doc. 4-2, Decl. of Romano at ¶5.*

The petitioner has not filed a reply. Accordingly, he has not disputed that he did not exhaust administrative remedies.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed because the petitioner has not exhausted administrative remedies.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: October 18, 2010.